UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAEK SAMUEL YOON,<br>ICE #A-042-589-267,<br><br>         Plaintiff,<br><br>  vs.<br><br>LOPEZ; C. HOUCK; J. WILLIAMS;<br>J.W. STATON; TOBE PROPST;<br>GILLESPIE,<br><br>         Defendants. | Civil No. 12cv2880 DMS (WVG)<br><br>**ORDER DENYING REQUEST FOR STAY AND DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**<br><br>**(ECF No. 11)** |

  Taek Yoon ("Plaintiff"), a former state prisoner, filed a civil action pursuant to 42 U.S.C. § 1983.  (ECF No. 1). Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2).  On January 7, 2013, this Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim and as frivolous. (ECF No. 3 at 6).  Plaintiff filed his First Amended Complaint ("FAC") on March 13, 2013. (ECF No. 10).  At the time Plaintiff filed his FAC, he was housed at the El Centro Service Processing Center.  (*Id.*)

  On March 27, 2013, Plaintiff submitted a document to the Court entitled "Notice of Future Change of Address and Stay of Proceeding."  (ECF No. 11).  In this document, Plaintiff

1 requests that the Court stop sending any mail to the address on the Court's docket and stay this
2 action until he can provide the Court with a new address in South Korea. (*Id.*)

3       A court "'may take notice of proceedings in other courts, both within and without the
4 federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v.*
5 *Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d
6 801, 803 n.2 (9th Cir. 2002)). Here, the Court takes judicial notice that they Court has received
7 notification that Plaintiff had been removed to South Korea in March of 2013. *See Yoon v.*
8 *William*, S.D. Cal. Civil Case No. 12cv0968 DMS (JMA). More than thirty days has passed and
9 Plaintiff has failed to apprise the Court of his current location. Local Rule 83.11 requires that
10 any "party proceeding pro se must keep the court and opposing parties advised as to current
11 address." S.D. CIVLR 83.11. Moreover, if "such Plaintiff fails to notify the court and opposing
12 parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the
13 action without preudice for failure to prosecute." *Id.* Here, more than sixty (60) days have
14 passed and Plaintiff has failed to update the Court with his current address. Accordingly, the
15 Court DISMISSES this action for failure to prosecute.

16       The Clerk of Court shall close the file.

17 DATED: May 13, 2013

18
19                         HON. DANA M. SABRAW
                        United States District Judge